Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
Danielle L. Jaberg, (CSBN 256653)
Counsel for ERISA
**Boris Orlov**, Attorney (CSBN 223532)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-5410
    Facsimile: (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>              Plaintiff,<br><br>        v.<br><br>**CUONG VIET DO,** an individual, **THE MILI GROUP, INC.** A California corporation, and **THE MILI GROUP RETIREMENT PLAN,** an employee benefit plan.<br><br>              Defendants. | Case No. C10-03823 LHK<br><br>Related Case No. C10-04026 LHK<br><br>**CONSENT JUDGMENT & ORDER** |

Consent Judgment & Order                                              Page 1

1  Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of La-
2 bor, Employee Benefits Security Administration ("Secretary") pursuant to her authority
3 under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974
4 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants
5 Cuong Viet Do, The Mili Group, Inc. and The Mili Group Retirement Plan ("Plan), an
6 employee benefit plan.[1]

7  A.  The Secretary, Cuong Viet Do, The Mili Group, Inc., and The Mili Group
8 Retirement Plan (collectively, "the parties") admit that the Court has jurisdiction over
9 this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in
10 the San Jose Division of the Northern District of California pursuant to ERISA
11 § 502(e)(2), 29 U.S.C. § 1132(e)(2).

12  B.  On January 24, 2011, the Clerk entered a default against Defendants. The
13 parties agree that the entry of default shall be set aside.

14  C.  The parties agree to the entry of this Consent Judgment & Order. The par-
15 ties further agree that this Consent Judgment & Order shall fully settle all claims of the
16 Secretary asserted in the Complaint filed in this matter.

17  D.  Defendants acknowledge receipt of the Secretary's Complaint in this action
18 and hereby waive service of process of the Summons and Complaint.

19  E.  The parties expressly waive Findings of Fact and Conclusions of Law.

20  F.  The Defendants neither admit nor deny the allegations alleged in the Com-
21 plaint.

22
23
24
25
26

---

27  [1]  The Plan is named in the Secretary's Complaint as a party necessary for
28 complete relief pursuant to Fed. R. Civ. P. 19(a).

IT IS HEREBY **ORDERED, ADJUDGED,** and **DECREED** that:

1.      Defendants Cuong Viet Do ("Defendant Do") and the Mili Group Inc. are jointly and severally liable for $155,000 in losses caused to the Plan as alleged in the Secretary's Complaint, and judgment is hereby entered against them in that amount.[2]

2.      Defendant Do shall restore $155,000 in Plan losses ("Amount Due") to the Plan. The identified losses shall be restored to the Plan in accordance with the payment schedule set forth in Paragraph 6, *infra*.

3.      Defendants Do and The Mili Group Inc. are permanently enjoined and re-strained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

4.      Defendant Do is hereby removed as Trustee to the Plan and is further per-manently enjoined and restrained from future service as a fiduciary of, or service pro-vider to, any ERISA-covered employee benefit plan, except that Defendant Do may be required to perform in a limited fiduciary capacity to the Plan as further ordered by this Court.

5.      The Plan shall be administered and managed as further ordered by the Court upon motion by the Secretary. Such motion shall be made within sixty days after the en-try of this Consent Judgment & Order.

6.      Defendant Do shall restore to the Plan the Amount Due:

a.      By January 1, 2016, and every six months thereafter on or before the fifteenth day of the month, Defendant Do shall prepare and submit to the Independent Fiduciary appointed by further Order of this Court ("Independent Fiduciary"), a report on the Official Bankruptcy Form 22C (Chapter 13 Statement of Current Monthly Income

---

[2] The parties have stipulated to the full nondischargeability of the Amount Due in a Joint Stipulation as to Nondischargeability of Debt filed contemporaneously herewith in the related case of Solis v. Cuong Viet Do, Case No. C10-04026 LHK. A copy of said stipulation is attached hereto as "Exhibit C" and its terms incorporated by reference herein.

Consent Judgment & Order                                              Page 3

and Calculation of Commitment Period and Disposable Income) to determine the expected monthly "Disposable Income," as defined in Section 1325(b)(2) of the Bankruptcy Code, 11 U.S.C. § 1325(b)(2); and

       b.      The Independent Fiduciary shall compute a monthly payment by amortizing the Amount Due to the Plan over 120 months.  The amortization shall include the application of interest at the post judgment federal rate under 28 U.S.C. § 1961 ("Monthly Payment"):

              i.      Interest shall accrue once this Consent Judgment & Order has been entered by this Court and shall continue to accrue and be assessed until all losses have been restored to the Plan.

              ii.      If Defendant Do's Disposable Income exceeds the applicable median family income as provided for in 11 U.S.C. § 101(39A), the Monthly Payment under paragraph 6(b), *supra,* shall be at least 25% of the amount over the applicable median family income but in no event shall the Monthly Payment be lower than the amount calculated as specified in paragraph 6(b), *supra.*

       c.      Beginning on April 1, 2016, and on the first of every month thereafter for a duration of 120 months, Defendant Do shall remit the Monthly Payment to the Independent Fiduciary.

       d.      In the event of default by Defendant Do in making any of the Monthly Payments, Defendant Do shall have fifteen days to cure the default.  If Defendant Do fails to cure the default, the total remaining balance of the Amount Due plus interest accruing shall then become immediately due and payable, and interest shall continue to accrue until the total remaining balance of the Amount Due plus interest accruing is paid in full.

       e.      Defendant Do shall retain the right to prepay the Amount Due plus applicable interest under this paragraph.

       f.      To the extent that Defendant Do's bankruptcy proceeding under Chapter 11 of the Bankruptcy Code remains ongoing, he will incorporate the payments described in

Paragraph 6, *infra*, into the plan of reorganization for the submission to the Bankruptcy Court. The terms of paragraph 6, *infra*, remain binding if the proceeding under Chapter 11 of the Bankruptcy Code is converted to a proceeding under chapter 7 of the Bankruptcy Code or in any subsequent case under Chapter 7 or any other Chapter of the Bankruptcy Code. The payment plan under paragraph 6 is binding on Defendant Do even if it is not approved by the Bankruptcy Court.

7.      Within fifteen business days of making each Monthly Payment set forth in Paragraph 6, *supra*, Defendant Do shall provide a copy of the front and back of each remittance check, or other appropriate evidence that such payment has been made.

8.      Defendant Do hereby forfeits any accrued interest he may have in any amounts under the Plan and any amounts restored to the Plan as a result of this Complaint and Consent Judgment & Order. In addition, a spousal waiver has been executed by any person who claims or who may claim through Defendant Do any interest in any amounts restored to the Plan under this Complaint and Consent Judgment & Order.  An executed copy of the spousal waiver, the terms of which are incorporated into this Consent Judgment & Order by reference, is attached hereto as Exhibit B.

9.      On, May 2, 2011, pursuant to 29 C.F.R. § 2570.85(a)(2), Defendants Do and The Mili Group petitioned for a pre-assessment hardship waiver of the 20 percent civil penalty under ERISA § 502(l), 29 U.S.C. § 1132(l).  On May 6, 2011, the Employee Benefits Security Administration, granted the hardship waiver, contingent on the execution and entry of this Consent Judgment & Order.  Therefore, the United States Department of Labor will not make a civil penalty assessment pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l).

10.     Defendant Do shall be solely and individually responsible for making the payments specifically identified for him in Paragraph 6, *supra*.

11.     Whenever a submission is required to be made to the Secretary under the terms of this Consent Judgment & Order, such submission shall be made to:

Regional Director
U.S. Department of Labor
Employee Benefits Security Administration
90 Seventh Street, Suite 11-300
San Francisco, California 94103-1516
Telephone number: (415) 625-2481
Facsimile number: (415) 625-2450

12.    Defendants expressly waive any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

13.    The Secretary and all Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

14.    Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

15.    This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

16.    By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

17.     This Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court directs the entry of this Consent Judgment & Order as a final order.

IT IS SO ORDERED.

Dated: _____   May 27, 2011

*Lucy H. Koh*

United States District Judge

Consent Judgment & Order                                                  Page 7

1    Entry of this Consent Judgment & Order is hereby consented to:

2

3    Dated: _5-20-2011_                M. PATRICIA SMITH
4                                      Solicitor of Labor
5
6                                      LAWRENCE BREWSTER
                                       Regional Solicitor
7
8                                      DANIEL J. CHASEK
                                       Associate Regional Solicitor
9
10                                     DANIELLE L. JABERG
                                       Counsel for ERISA
11
12
13                                     By: _____
14                                          BORIS ORLOV
                                            Trial Attorney
15
                                       Attorneys for HILDA L. SOLIS, Secretary of
16                                     Labor,
                                       United States Department of Labor
17

18

19   Dated: _____
20                                     _____
21                                     LARS T. FULLER, FULLER LAW FIRM
                                       Attorneys for Defendants
22

23   Dated: _____
24                                     _____
                                       CUONG VIET DO
25

26
27   Dated: _____
28                                     _____
                                       THE MILI GROUP, INC.


Consent Judgment & Order                                    Page 8

1

Entry of this Consent Judgment & Order is hereby consented to:

2

3

Dated: _____

4

M. PATRICIA SMITH
Solicitor of Labor

5

6

LAWRENCE BREWSTER
Regional Solicitor

7

8

DANIEL J. CHASEK
Associate Regional Solicitor

9

10

DANIELLE L. JABERG
Counsel for ERISA

11

12

By:_____

13

BORIS ORLOV
Trial Attorney

14

15

Attorneys for HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor

16

17

18

19

Dated: 5/20/2011

20

Sam Taherian
LARS T. FULLER, FULLER LAW FIRM, PC

21

Attorneys for Defendants

22

23

Dated: 5/18/2011

24

CUONG VIET DO

25

26

Dated: 5/18/2011

27

THE MILI GROUP, INC.

28

Consent Judgment & Order

Page 8

CUONG VIET DO, President

Dated: 5/18/2011

THE MILI GROUP RETIREMENT PLAN

## EXHIBIT A – LIST OF ELIGIBLE PLAN PARTICIPANTS

Cristeta Bautista

Minha Do

Tuan Do

Vivian Doan

Hue Kieu

Helen Lau

Kim Le

Katlyn Ngo

Ryan Nguyen

Wile Nguyen

Katherine Orr

Shanna Parks

Ana Pham

Viet Pham

Kevin Pham

Annabel Rodabaugh

Victor Ton

Hung Tran

Michelle Tran

Laami Yusi

CUONG VIET DO, President

Dated: _____        _____

THE MILI GROUP RETIREMENT PLAN

EXHIBIT A – LIST OF ELIGIBLE PLAN PARTICIPANTS

Cristeta Bautista

Minha Do

Tuan Do

Vivian Doan

Hue Kieu

Helen Lau

Kim Le

Katlyn Ngo

Ryan Nguyen

Wile Nguyen

Katherine Orr

Shanna Parks

Ana Pham

Viet Pham

Kevin Pham

Annabel Rodabaugh

Victor Ton

Hung Tran

Michelle Tran

Laami Yusi

1    EXHIBIT B - CONSENT OF SPOUSE TO WAIVER OF BENEFITS

2

3    **NAME OF PLAN:**  The Mili Group Retirement Plan.

4    I, <u>Minha Do</u>, declare that:

5         1.    I am the wife of Cuong Viet Do and hereby consent to my husband's waiver

6                of all rights to receive any benefit payments and return of contributions from

7                the Plan, including my interest in receiving survivorship benefits under the

8                Plan.

9         2.    I have read and fully understand the Consent Judgment & Order, of which

10               this Consent of Spouse to Waiver of Benefits is a part.

11        3.    This waiver constitutes an effective waiver of any right I may have to that

12               portion of the qualified joint and survivor annuity and/or qualified prere-

13               tirement survivor annuity form of benefit, pursuant to § 205(c) of ERISA, 29

14               U.S.C. § 1055(c), which is being forfeited pursuant to the aforementioned

15               Consent Judgment & Order, or which may be forfeited in the future, as de-

16               scribed in Paragraph 1.

17   Dated: 5|18|11

18                                                          _Minha_
19                                                          MINHA DO

20   Sworn and subscribed before me

21   this 18 day of May , 2011.

22   NOTARY PUBLIC  L. Nunes

23   My Commission Expires: 6|16|13

24   (Knowingly and willfully making false, fictitious, or fraudulent statements to the United

25   States Department of Labor is punishable under Title 18, § 1001, United States Code.)

26

27

28

Consent Judgment & Order                                      Page 10

# EXHIBIT C

1   Lawrence Brewster
    Regional Solicitor
2   Daniel J. Chasek
    Associate Regional Solicitor
3   Danielle L. Jaberg, (CSBN 256653)
    Counsel for ERISA
4   **Boris Orlov,** Attorney (CSBN 223532)
    Office of the Solicitor
5   United States Department of Labor
    350 S. Figueroa St., Suite 370
6   Los Angeles, California 90071-1202
        Telephone:  (213) 894-5410
7        Facsimile:  (213) 894-2064
8   orlov.boris@dol.gov

9   Attorneys for the Plaintiff
    United States Department of Labor

10

11                  UNITED STATES DISTRICT COURT

12                          FOR THE

13              NORTHERN DISTRICT OF CALIFORNIA

14

15  **HILDA L. SOLIS,**                     ) Case No. C10-04026 LHK
        Secretary of Labor,                 )
16      United States Department of Labor,  ) Related Case No. C10-03823 LHK
                                            )
17                  Plaintiff,              )
                                            )
18              v.                          )
                                            ) **JOINT STIPULATION AS TO**
19  **CUONG VIET DO,**  an individual       ) **NONDISCHARGEABILITY OF**
                                            ) **DEBT**
20                  Defendant.              )
                                            )
21                                          )
                                            )
22                                          )
                                            )
23                                          )
                                            )
24                                          )
                                            )
25                                          )
                                            )
26  _____)

27

28

*Joint Stipulation as to Nondischargeability of Debt*                    Page 1 of 5

1    COMES NOW Plaintiff-Creditor HILDA L. SOLIS, Secretary of Labor, United

2 States Department of Labor ("Secretary"), on behalf of the Mili Group Retirement Plan

3 ("Plan"), and Defendant-Debtor Cuong Viet Do, debtor in the above-captioned case

4 ("Debtor"), having agreed to resolve any dispute as to the dischargeability of the debt

5 owed by the Debtor to Plan, and hereby consent to the following Stipulation as to Non-

6 dischargeability of Debt ("Stipulation") and entry of an Order from the Court in accor-

7 dance herewith:

8    1.    On August 17, 2010 the Secretary filed her Adversarial Complaint in the

9 United States Bankruptcy Court for the Northern District of California (Bankruptcy

10 Case No. 10-05286), alleging that the debt owed to the Plan is nondischargeable pursu-

11 ant to Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

12    2.    On August 26, 2010, the Secretary filed her related Complaint in the

13 United States District of Court for the Northern District of California (Case No. 10-

14 03823), alleging the Debtor breached Sections 403, 404 and 406 of ERISA, 29 U.S.C.

15 §§ 1103, 1104 and 1106.

16    3.    On September 1, 2010 the Secretary filed a Motion to Withdraw the Refer-

17 ence of the Adversary Complaint from the Bankruptcy Court to the District Court.

18    4.    On November 17, 2010, Judge Jeremy Fogel for the United States District

19 Court for the Northern District of California granted the Secretary's Motion to With-

20 draw the Reference of the Adversary Complaint from the Bankruptcy Court to the Dis-

21 trict Court. The Court assigned the withdrawn Adversary Complaint Case. No. 10-

22 04026.

23    5.    On December 14, 2010, Magistrate Judge Howard R. Lloyd found that the

24 Adversary Complaint and the District Court Complaint were related and both cases

25 were reassigned to District Judge Lucy H. Koh.

26

27

28

6. On January 24, 2011 and February 23, 2011, the Clerk entered a default against all named Defendants and against the Debtor, respectively, in Case Nos. 10-03823 and 10-04026.

7. Debtor acknowledges receipt of the Secretary's Adversary Complaint in this action and hereby waives service of process of the Summons and Adversary Complaint.

8. This Court has jurisdiction over the parties and the subject matter of this Stipulation.

9. The parties stipulate that the default shall be set aside and an Order pursuant to this Stipulation entered.

10. The Debtor is, and was, at all relevant times, a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

11. The Plan is an employee benefit plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).

12. The Secretary alleges that the Debtor breached Sections 403, 404, and 406 of ERISA, 29 U.S.C. §§ 1103, 1104 and 1106, by making unauthorized transfers/withdrawals from the Plan.

13. As a result of the alleged breaches set forth in Paragraph 11, *supra*, the parties agree that the Debtor owes $155,000 to the Plan.

14. The Debtor agrees that the identified debt of $155,000 is nondischargeable within the meaning of Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

15. The parties therefore consent to an entry of an Order that the debt of $155,000 to the Plan shall be nondischargeable and consent to the entry of an Order that the debt shall be a nondischargeable debt under Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4), without the need for a trial or adjudication of any issue of

1  fact or law.

2       16.    The parties agree that the Debtor will repay the debt to the Plan according

3  to the payment schedule set forth in the Consent Judgment & Order submitted in Case

4  No. 10-03823. Such payment schedule shall include the assessment of interest. The

5  Debtor further represents that all payments made pursuant to the payment schedule con-

6  tained therein will not be made from the bankruptcy estate.

7       17.    While Section 524 of the Bankruptcy Code, 11 U.S.C. § 524, provides that

8  any agreement for the nondischargeability of debt may be rescinded at any time prior to

9  discharge or within sixty (60) days after such agreement is filed with the court, which-

10  ever occurs later, Debtor agrees that he will not rescind this Stipulation.

11       18.    The parties understand that this agreement is not required under Title 11 of

12  the United States Code or under non-bankruptcy law.

13       19.    The Debtor expressly waives any and all claims of any nature, which he

14  has or believes he may have against the United States Department of Labor, the Secre-

15  tary, or any of her officers, agents, employees, or representatives, arising out of or in

16  connection with the filing, prosecution, and maintenance of this adversary proceeding

17  and any other proceeding or investigation incident to this adversary proceeding.

18       20.    The parties shall bear their own costs, expenses, and attorneys' fees in-

19  curred in connection with any stage of the above-referenced proceeding to date, includ-

20  ing but not limited to, attorneys' fees which may be available under the Equal Access to

21  Justice Act, as amended.

22       21.    Nothing in this stipulation is binding on any governmental agency other

23  than the Employee Benefits Security Administration, United States Department of La-

24  bor.

25  //

26  //

27

28

*Joint Stipulation as to Nondischargeability of Debt*                                         Page 4 of 5

1    The undersigned consent to the foregoing Stipulation and consent to the entry of

2    an Order from the Court consistent herewith:

3

4    Dated:_____          Dated:___5/18/2011_____

5
                                            _____
6    M. PATRICIA SMITH                       CUONG VIET DO
     Solicitor of Labor

7    LAWRENCE BREWSTER
     Regional Solicitor

8
     DANIEL J. CHASEK                         Sam Taherion
9    Associate Regional Solicitor           LARS T. FULLER, Fuller Law Firm, PC
                                            Attorneys for Defendants
10   DANIELLE L. JABERG
     Counsel for ERISA
11

12
     _____
13   BORIS ORLOV
     Trial Attorney
14
     Attorneys for HILDA L. SOLIS,
15   Secretary of the United States Department of Labor

16

17

18

19

20

21

22

23

24

25

26

27

28

1    The undersigned consent to the foregoing Stipulation and consent to the entry of

2  an Order from the Court consistent herewith:

3

4  Dated: _5 – 2 0 – 2 0 1 1_          Dated:_____

5

6  M. PATRICIA SMITH
   Solicitor of Labor                  CUONG VIET DO

7  LAWRENCE BREWSTER
   Regional Solicitor

8
   DANIEL J. CHASEK
9  Associate Regional Solicitor        LARS T. FULLER, Fuller Law Firm
                                        Attorneys for Defendants
10 DANIELLE L. JABERG
   Counsel for ERISA

11

12

13 BORIS ORLOV
   Trial Attorney

14
   Attorneys for HILDA L. SOLIS,
15 Secretary of the United States Department of Labor

16

17

18

19

20

21

22

23

24

25

26

27

28

*Joint Stipulation as to Nondischargeability of Debt*                    Page 5 of 5