Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
Danielle L. Jaberg, (CSBN 256653)
Counsel for ERISA
**Boris Orlov**, Attorney (CSBN 223532)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
        Telephone: (213) 894-5410
        Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                    Plaintiff,<br><br>            v.<br><br>**CUONG VIET DO,** an individual, **THE MILI GROUP, INC.** A California corporation, and **THE MILI GROUP RETIREMENT PLAN**, an employee benefit plan.<br><br>                    Defendants. | Case No. C10-03823 LHK<br><br>**MODIFICATION OF THE MAY 27, 2011 CONSENT JUDGMENT & ORDER** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, Employee Benefits Security Administration ("Secretary") and Defendants Cuong Viet Do, The Mili Group, Inc. and The Mili Group Retirement Plan ("Plan"), an employee benefit plan respectfully request this Court to Modify the Consent Judgment & Order that it approved on May 27, 2011 as listed below:

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that the May 27, 2011 Consent Judgment and Order is fully incorporated herein by reference with the exception of Paragraph 5, which is modified as follows:

5(a).   Michael J. FitzGibbons, FitzGibbons and Company, Inc., 8300 N. Hayden Rd., Suite A100, Scottsdale, AZ 85258, is herby appointed as an "Initial Independent Fiduciary" to the Plan and has the following duties and responsibilities:

(1).   The Initial Independent Fiduciary shall have the discretionary authority to collect, marshal and administer all of the assets of the Plan, including managing, marketing, leasing and selling the real property owned by the Plan, described as Unit 718, Meadow Lake Palm Harbor Condominiums, 2690 Coral Landings Boulevard, Palm Harbor, Florida 34684 ("Condominium" or "Florida Property") and to take further action with respect to the Plan as appropriate.  Within 30 days of the sale of the Florida Property, the Initial Independent Fiduciary shall transfer all remaining Plan assets (less the amounts necessary for payment of Court approved fees and expenses as described in paragraphs 5a(7) & (8)) to be held in trust for the Plan by the Successor Independent Fiduciary named in paragraph 5(b), *infra*, who shall have the discretionary authority to collect, marshal, pay out and administer all of the assets of the Plan, and to take further action with respect to the Plan as appropriate, including the orderly termination of the Plan when all of the assets have been distributed to all eligible participants and beneficiaries and it is prudent to do so;

(2).     The Initial Independent Fiduciary shall have all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA, except as limited by this Order;

(3).     The Initial Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain such as assistance as he may require, including attorneys, accountants, real estate professionals, actuaries, and other service providers;

(4).     The Initial Independent Fiduciary shall have full access to all data, information, and calculations in the possession of the respective Plans and under their control, including information and records maintained by the custodial trustees or service providers of the Plan;

(5).     The Initial Independent Fiduciary is authorized to give instructions respecting the disposition of assets of the Plan; and

(6).     The Initial Independent Fiduciary shall comply with all applicable rules and laws;

(7)     The Initial Independent Fiduciary shall be bonded as required by ERISA § 412, 29 U.S.C. § 1112.

(8).     Pursuant to Article 2, Section 3.2.7 of the governing Plan document, the Initial Independent Fiduciary's reasonable fees and expenses may be charged against the assets of the Plan;

(9)     Following the entry of this Consent Judgment & Order by the Court, the Initial Independent Fiduciary shall be required to present to the Court and the Secretary, on a quarterly basis, an itemized application for the payment of fees and expenses ("Fee Application").  The Fee Application shall include the hourly rates of pay, dates and hours of work, a description of work performed, and an itemized statement of expenses. The Initial Independent Fiduciary's hourly fee schedule is attached hereto as Exhibit D and incorporated herein.  The Secretary requests that the Fee Application shall be deemed approved, unless the Secretary specifically objects to the Fee Application within

fifteen business days.  In the event the Secretary objects to the Fee Application, the Secretary requests that the Court decide whether the Independent Fiduciary's application should be granted;

(10).  The Initial Independent Fiduciary shall be paid the approved fees and expenses after the sale of the Florida Property;

(11).  The Initial Independent Fiduciary shall notify the Successor Independent Fiduciary at least 30 days prior to the closing of the sale of the Florida Property.

(12).  Upon the final sale of the Florida Property and the subsequent transfer of the Plan assets to the Successor Independent Fiduciary, Mr. FitzGibbons, FitzGibbons and Company, Inc., shall be removed as the Independent Fiduciary of the Plan.

5(b).  Upon the sale of the Florida Property, Jeanne Brynt, Receivership Management Inc., 783 Old Hickory Blvd., Suite 255, Brentwood, TN 37027, shall be appointed as the Successor Independent Fiduciary to the Plan.  Prior to the sale of the Florida Property and until the transfer of Plan assets described in Paragraph 5(a)(1), the Successor Independent Fiduciary shall have no fiduciary responsibilities.  Immediately upon receipt of the transferred Plan assets pursuant to Paragraph 5(a)(1), the Successor Independent Fiduciary shall have the following duties and responsibilities:

(1).  The Successor Independent Fiduciary shall have the discretionary authority to collect, marshal, pay out and administer all of the assets of the Plan, and to take further action with respect to the Plan as appropriate, including termination of the Plan when all of the assets have been distributed to all eligible Plan participants and beneficiaries;

a.  The eligible Plan participants and beneficiaries entitled to allocations/distributions pursuant to the governing Plan Documents and the Consent Judgment & Order are identified on Exhibit A attached to the May 27, 2011 Consent Judgment & Order; and

b.  In allocating any benefits due under the Plan and this Consent Judgment & Order, the Successor Independent Fiduciary shall, pursuant to Article 3, section

2.3.1(e) of the Plan Document, adjust any amounts due to Minha Do by recognizing that she obtained a $50,000 distribution from the Plan in July of 2007.

(2).    The Successor Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution under the terms of the Plan;

(3).    The Successor Independent Fiduciary shall have all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA;

(4).    The Successor Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain such as assistance as he may require, including attorneys, accountants, actuaries, and other service providers;

(5).    The Successor Independent Fiduciary shall have full access to all data, information, and calculations in the possession of the respective Plans and under their control, including information and records maintained by the custodial trustees or service providers of the Plan;

(6).    The Successor Independent Fiduciary is authorized to give instructions respecting the disposition of assets of the Plan;

(7).    The Successor Independent Fiduciary shall comply with all applicable rules and laws;

(8)    The Successor Independent Fiduciary shall be bonded as required by ERISA § 412, 29 U.S.C. § 1112.

(9).    Pursuant to Article 2, Section 3.2.7 of the governing Plan document, the Successor Independent Fiduciary's reasonable expenses and fees may be charged against the assets of the Plan;

(10).   Following appointment, the Successor Independent Fiduciary shall be required to present to the Court and the Secretary an itemized application for the payment

of fees and expenses on a quarterly basis (except that, if all the proceeds from the sale of the Florida Property have been distributed and there are no assets in the Plan, the Successor Independent Fiduciary may submit this application on an annual basis, until the commencement of the payment plan under paragraph 6 (b) of the May 27, 2011 Consent Judgment & Order).   The Fee Application shall include the hourly rates of pay, dates and hours of work, a description of work performed, and an itemized statement of expenses.  The Initial Independent Fiduciary's hourly fee schedule is attached hereto as Exhibit E and incorporated herein. The Secretary requests that the Fee Application shall be deemed approved, unless the Secretary specifically objects to the Fee Application within fifteen business days.  In the event the Secretary objects to the Fee Application, the Secretary requests that the Court decide whether the Independent Fiduciary's application should be granted.

5(c).   Within ten days of the entry of this Modification of the May 27, 2011 Consent Judgment & Order by the Court, Defendant Do shall deliver to the Initial Independent Fiduciary, identified in Paragraph 5(a), all Plan documents, and all other documents related to the Plan, including all documents related to the ownership of the Florida Property. In addition, Defendant Do shall execute all necessary documents to transfer title of the Florida Property as directed by the Initial Independent Fiduciary.

The Court directs the entry of this Modification to the May 27, 2011 Consent Judgment & Order as a final order.

Dated: _____   July 7, 2011

_____
Lucy H. Koh,
United States District Judge

1           Entry of this Modification of the May 27, 2011 Consent Judgment & Order is
2    hereby consented to:
3    Dated: __6-23—11__                            M. PATRICIA SMITH
4                                                   Solicitor of Labor

5                                                   LAWRENCE BREWSTER
6                                                   Regional Solicitor

7                                                   DANIEL J. CHASEK
8                                                   Associate Regional Solicitor

9                                                   DANIELLE L. JABERG
10                                                  Counsel for ERISA

11
12                                                  By: _____
13                                                       BORIS ORLOV
14                                                       Trial Attorney

15                                                  Attorneys for HILDA L. SOLIS, Secretary of
16                                                  Labor,
                                                    United States Department of Labor
17
18   Dated: _____                        _____
19                                                  LARS T. FULLER, FULLER LAW FIRM
20                                                  Attorneys for Defendants

21   Dated: _____                        _____
22                                                  CUONG VIET DO

23   Dated: _____                        _____
24                                                  THE MILI GROUP, INC.
25                                                  CUONG VIET DO, President

26   Dated: _____                        _____
27                                                  THE MILI GROUP RETIREMENT PLAN
28

Modification of the May 27, 2011 Consent Judgment & Order              Page 7

1    Entry of this Modification of the May 27, 2011 Consent Judgment & Order is

2  hereby consented to:

3  Dated: _____          M. PATRICIA SMITH
                                     Solicitor of Labor
4

5                                    LAWRENCE BREWSTER
                                     Regional Solicitor
6

7                                    DANIEL J. CHASEK
                                     Associate Regional Solicitor
8

9                                    DANIELLE L. JABERG
                                     Counsel for ERISA
10

11

12                                   By:_____
                                          BORIS ORLOV
13                                        Trial Attorney

14

15                                   Attorneys for HILDA L. SOLIS, Secretary of
                                     Labor,
16                                   United States Department of Labor

17

18  Dated: _____6 - 2 3 - 11_____

19                                   _____
                                     LARS T. FULLER, FULLER LAW FIRM
20                                   Attorneys for Defendants

21  Dated: _____6 - 2 3 - 11_____

22                                   CUONG VIET DO

23  Dated: _____6 - 2 3 - 11_____

24                                   THE MILI GROUP, INC.
25                                   CUONG VIET DO, President

26  Dated: _____6 - 2 3 - 11_____

27                                   THE MILI GROUP RETIREMENT PLAN

28

Modification of the May 27, 2011 Consent Judgment & Order          Page 7

# EXHIBIT D

**FitzGibbons and Company, Inc.**

8300 North Hayden Road, Suite A100
Scottsdale, Arizona 85258

Phone: (480) 948-4351
Fax:    (480) 443-5924

**COMPENSATION AND EXPENSES PAYABLE**

**I.      RATES PAYABLE FOR EXPERT FIDUCIARY SERVICES**

|  | Hourly Rate |
|---|---|
| Michael J. FitzGibbons | $200.00 |
| Staff | $100.00 to $185.00 |

**II.     REIMBURSABLE EXPENSES**

| Expense Item | Reimbursement Rate |
|---|---|
| Long distance telephone | Actual cost |
| Overnight delivery service | Actual cost |
| Fax transmissions | $0.25 per page |
| Photocopies | $0.10 per page |
| Rail | Actual cost |
| Airline travel | Actual cost/Coach only |
| Hotels | Actual room rates and taxes |
| Rental car or taxi fare | Actual cost |
| Parking | Actual cost |
| Bonds and other incidentals | Actual cost |

**III.    UNACCOUNTABLE PER DIEM PER PERSON**

| Per Diem | Rate |
|---|---|
| Full day | GSA |
| Partial day | GSA |

# EXHIBIT E

# Receivership Management, Inc.

783 Old Hickory Blvd., Suite 255 Brentwood, TN  37027  (615) 370-0051   Fax (615)  373-4336

Effective July 1, 2008

Fee Schedule for Receivership Management, Inc:

| | |
|---|---|
| Jeanne Barnes Bryant | $150 per hour |
| Rob Moore | $130 per hour |
| Billy Spaulding | $110 per hour |
| Sarah Forton | $45 per hour |
| Information Tech Consultant | $65 per hour |

Overhead charges are allocated pro-rata based upon the number of hours billed to a receivership. Currently overhead is billed at $11.00 per hour. Overhead includes expenses of a general nature which cannot be charged to a specific receivership. Examples include depreciation on equipment, insurance, etc.

Rent is allocated to a receivership based on a physical presence (ie. Files, records, and other documentation) at the RMI location and the time spent on that receivership. It is by its nature an estimate and is normally set at the beginning of each quarter and remains constant during that quarter. The allocation is reviewed each month and if there is a material change in either the physical presence occupied or time spent on the receivership, the rent allocation is adjusted to reflect current conditions.

Office Expenses which can be specifically identified to a receivership (eg. telephone, postage, copies etc.) are charged to the receivership as incurred.

Travel: Per Diem-$39.00 for meals and incidentals (first and last day of travel 75% of per diem amount allowed). Per Diem paid only if overnight travel is required. Transportation: By private car: 50 cents per mile; By common carrier: Actual ticket cost at coach. Lodging: Actual amount charged.