Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
Danielle L. Jaberg, (CSBN 256653)
Counsel for ERISA
**Boris Orlov**, Attorney (CSBN 223532)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
   Telephone: (213) 894-5410
   Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                    Plaintiff,<br><br>           v.<br><br>**CUONG VIET DO,** an individual, **THE MILI GROUP, INC.** A California corporation, and **THE MILI GROUP RETIREMENT PLAN**, an employee benefit plan.<br><br>                    Defendants. | Case No. C10-03823 LHK<br><br>**MODIFICATION OF THE JULY 7, 2011 CONSENT JUDGMENT & ORDER** |

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, Employee Benefits Security Administration ("Secretary") and Defendants Cuong Viet Do, The Mili Group, Inc. and The Mili Group Retirement Plan ("Plan), an employee benefit plan respectfully request this Court to Modify the Consent Judgment & Order that it approved on July 7, 2011 as listed below:

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that the July 7, 2011 Consent Judgment and Order is fully incorporated herein by reference with the exception of Paragraph 5(b), which is modified as follows:

5(b).  On the 45th day after the sale of the Florida Property, unless the Plan has been terminated and the Pension Benefit Guaranty Corporation ("PBGC") appointed trustee of the Plan, Jeanne Bryant, Receivership Management Inc., 783 Old Hickory Blvd., Suite 255, Brentwood, TN 37027, shall be appointed as the Successor Independent Fiduciary to the Plan.  The termination of the Plan and the appointment of the PBGC as the trustee of the Plan may occur by a written agreement between the PBGC and the Initial Independent Fiduciary without the need for a further order from this Court. Prior to the sale of the Florida Property and until the transfer of Plan assets described in Paragraph 5(a)(1), the Successor Independent Fiduciary shall have no fiduciary responsibilities.  If the Plan is terminated and PBGC is appointed as trustee of the Plan prior to the transfer of the Plan assets described in Paragraph 5(a)(1) then the Successor Independent Fiduciary shall have not be appointed and shall have no fiduciary responsibilities. Immediately upon receipt of the transferred Plan assets pursuant to Paragraph 5(a)(1), the Successor Independent Fiduciary shall have the following duties and responsibilities:

(1).    The Successor Independent Fiduciary shall have the discretionary authority to collect, marshal, pay out and administer all of the assets of the Plan, and to take further action with respect to the Plan as appropriate, including termination of the Plan when all of the assets have been distributed to all eligible Plan participants and beneficiaries;

a. The eligible Plan participants and beneficiaries entitled to allocations/distributions pursuant to the governing Plan Documents and the Consent Judgment & Order are identified on Exhibit A attached to the May 27, 2011 Consent Judgment & Order; and

b. In allocating any benefits due under the Plan and this Consent Judgment & Order, the Successor Independent Fiduciary shall, pursuant to Article 3, section 2.3.1(e) of the Plan Document, adjust any amounts due to Minha Do by recognizing that she obtained a $50,000 distribution from the Plan in July of 2007.

(2). The Successor Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution under the terms of the Plan;

(3). The Successor Independent Fiduciary shall have all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA;

(4). The Successor Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain such as assistance as he may require, including attorneys, accountants, actuaries, and other service providers;

(5). The Successor Independent Fiduciary shall have full access to all data, information, and calculations in the possession of the respective Plans and under their control, including information and records maintained by the custodial trustees or service providers of the Plan;

(6). The Successor Independent Fiduciary is authorized to give instructions respecting the disposition of assets of the Plan;

(7). The Successor Independent Fiduciary shall comply with all applicable rules and laws;

(8)     The Successor Independent Fiduciary shall be bonded as required by ERISA § 412, 29 U.S.C. § 1112.

(9).    Pursuant to Article 2, Section 3.2.7 of the governing Plan document, the Successor Independent Fiduciary's reasonable expenses and fees may be charged against the assets of the Plan;

(10).   Following appointment, the Successor Independent Fiduciary shall be required to present to the Court and the Secretary an itemized application for the payment of fees and expenses on a quarterly basis (except that, if all the proceeds from the sale of the Florida Property have been distributed and there are no assets in the Plan, the Successor Independent Fiduciary may submit this application on an annual basis, until the commencement of the payment plan under paragraph 6 (b) of the May 27, 2011 Consent Judgment & Order).   The Fee Application shall include the hourly rates of pay, dates and hours of work, a description of work performed, and an itemized statement of expenses.  The Secretary requests that the Fee Application shall be deemed approved, unless the Secretary specifically objects to the Fee Application within fifteen business days.  In the event the Secretary objects to the Fee Application, the Secretary requests that the Court decide whether the Independent Fiduciary's application should be granted.

The Court directs the entry of this Modification to the July 7, 2011 Consent Judgment & Order as a final order.

Dated: November 23, 2011

*Lucy H. Koh*
Lucy H. Koh,
United States District Judge

1  Entry of this Modification of the July 7, 2011 Consent Judgment & Order is hereby
2  consented to:
3  Dated: 8/30/11                           M. PATRICIA SMITH
4                                           Solicitor of Labor
5                                           LAWRENCE BREWSTER
6                                           Regional Solicitor
7                                           DANIEL J. CHASEK
8                                           Associate Regional Solicitor
9                                           DANIELLE L. JABERG
10                                          Counsel for ERISA
11
12  By: _____
                                            BORIS ORLOV
13                                          Trial Attorney
14
                                            Attorneys for HILDA L. SOLIS, Secretary of
15                                          Labor,
                                            United States Department of Labor
16
17
18  Dated: _____            _____
                                            LARS T. FULLER, FULLER LAW FIRM
19                                          Attorneys for Defendants, Cuong Viet Do and
20                                          The Mili Group, Inc.
21  Dated: _____            _____
22                                          CUONG VIET DO
23  Dated: _____            _____
24                                          THE MILI GROUP, INC.
25                                          CUONG VIET DO, President
26  Dated: _____            _____
27                                          THE MILI GROUP RETIREMENT PLAN
                                            MICHAEL FITZGIBBONS, Initial Independent
28                                          Fiduciary

Entry of this Modification of the July 7, 2011 Consent Judgment & Order is hereby consented to:

Dated: _____

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

By:_____
    BORIS ORLOV
    Trial Attorney

Attorneys for HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor

Dated: 8/30/2011

_____
LARS T. FULLER, FULLER LAW FIRM
Attorneys for Defendants, Cuong Viet Do and The Mili Group, Inc.

Dated: 8/29/2011

_____
CUONG VIET DO

Dated: 8/29/2011

_____
THE MILI GROUP, INC.
CUONG VIET DO, President

Dated: _____

_____
THE MILI GROUP RETIREMENT PLAN
MICHAEL FITZGIBBONS, Initial Independent Fiduciary

1     Entry of this Modification of the July 7, 2011 Consent Judgment & Order is hereby consented to:

Dated: _____

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

By:_____
    BORIS ORLOV
    Trial Attorney

Attorneys for HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor

Dated: _____

_____
LARS T. FULLER, FULLER LAW FIRM
Attorneys for Defendants, Cuong Viet Do and The Mili Group, Inc.

Dated: _____

_____
CUONG VIET DO

Dated: _____

_____
THE MILI GROUP, INC.
CUONG VIET DO, President

Dated: 8·26·11

_____
THE MILI GROUP RETIREMENT PLAN
MICHAEL FITZGIBBONS, Initial Independent Fiduciary