UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HILDA L. SOLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>CUONG VIET DO, et al.,<br><br>        Defendants. | Case No. 10-CV-03823-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO REOPEN AND FOR CERTIFICATION OF AN ABSTRACT OF JUDGMENT**<br><br>Re: Dkt. No. 40 |

Before the Court is a motion to reopen and for certification of an abstract of judgment filed by Pension Benefit Guaranty Corporation ("PBGC"), the statutory trustee of Defendant The Mili Group Retirement Plan (the "Plan"). ECF No. 40 ("Mot."). No party has opposed or otherwise responded to PBGC's motion. Although not made clear in PBGC's motion, counsel's declaration clarifies that Defendant Cuong Viet Do ("Do") defaulted under the May 5, 2011 Consent Judgment (ECF No. 34), (modified on July 7, 2011 (ECF No. 36) and November 23, 2011 (ECF No. 39)), which required Do to restore $155,000 to the Plan beginning on April 1, 2016. *See* ECF No. 40-1 ("Ginsberg Decl.") ¶¶ 2–3, 7, 9.

PBGC does not rely on Federal Rule 60(b), or any other rule of civil procedure, as the

1
Case No. 10-CV-03823-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION TO REOPEN AND FOR CERTIFICATION OF AN ABSTRACT OF JUDGMENT

basis for its motion to reopen, which includes just seven numbered paragraphs. *See* Mot. However, because PBGC's motion is seeking to reopen so that PBGC may enforce the Consent Judgment, the Court will treat PBGC's motion as a Rule 60(b) motion. *See In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995) ("[T]he filing of the satisfaction of judgment was functionally equivalent to filing a voluntary dismissal. Courts have held the latter is a judgment, order, or proceeding from which Rule 60(b) relief can be granted."); *see also Xerox Fin. Servs. Life Ins. Co. v. High Plains Ltd. Partnership*, 44 F.3d 1033, 1037 (1st Cir.1995) (consent judgments are final judgments from which Rule 60(b) relief may be sought). It matters not that PBGC "did not mention Rule 60 in its motion to reopen because the label on a motion has little or no significance." *Brown Jordan Int'l Inc. v. Boles*, 375 F. App'x 700, 701 (9th Cir. 2010) (characterizing a motion to reopen a case on the basis of a breached settlement agreement as a Rule 60(b)(6) motion for relief from a final judgment). Accordingly, PBGC's motion will be analyzed according to Rule 60(b).

Rule 60(b) provides for reconsideration of a final judgment or any order where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). "Only 'extraordinary circumstances' justify relief under Rule 60(b)(6)." *Hermetic Order of Golden Dawn, Inc. v. Griffin*, 400 F. App'x 166, 167 (9th Cir. 2010) (brackets and internal quotation marks omitted).

In general, "upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not . . . reopen the underlying litigation after dismissal." *Keeling v. Sheet Metal Workers Int'l Ass'n*, 937 F.2d 408, 410 (9th Cir. 1991). "Repudiation of a settlement agreement that terminated litigation," however, may "constitute[] an extraordinary circumstance" that "justifies vacating the court's prior dismissal order." *Id.* To obtain relief under Rule 60(b)(6), the repudiation generally must amount to a "complete frustration" of the settlement

2

agreement and not merely a single breach or disagreements over proper interpretation. *Id.* at 410-11; *accord Hermetic Order*, 400 F. App'x at 167; *Sakuma v. Ass'n of Apartment Owners of Tropics at Waikele*, 311 F. App'x 9, 11 (9th Cir. 2009).

A motion seeking relief pursuant to subsections (1)-(3) of Rule 60(b) must be made within a "reasonable time," but no more than one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). A motion seeking relief pursuant to subsections (4)-(6) is not subject to the one-year limitation and must be made only within a "reasonable time" after the entry of the judgment or order or the date of the proceeding. *Id.*

Here, PBGC counsel asserts that "PBGC has received no payments from Defendant Do since April 1, 2016, and Defendant Do has defaulted under the terms of the Consent Judgment." Ginsberg Decl. ¶ 9. If PBGC is seeking relief pursuant to subsections (1)-(3) of Rule 60(b), its motion is time-barred by the one-year limitation. But even if PBGC is seeking relief pursuant to subsections (4)-(6), PBGC is still required to have filed its motion within a "reasonable time." Counsel's declaration, and PBGC's motion to reopen, however, provide no explanation for the more than 2-and-a-half-year delay between Do's default in April 2016, and PBGC's filing of the instant motion on November 5, 2018. The Court concludes that such delay does not constitute a "reasonable time" pursuant to Rule 60(c), particularly where PBGC knew pursuant to the Consent Judgment that Do was required to make payments beginning in April 2016. Accordingly, the Court DENIES without prejudice PBGC's motion to reopen. *See, e.g.*, *Watt v. Roth*, No. C 05-05234 SBA, 2008 WL 4155535, at *4 (N.D. Cal. Sept. 5, 2008) ("[P]laintiff has until 14 days from the date of the entry of this Order to file with the Court a declaration under 28 U.S.C. § 1746 explaining . . . why she delayed for over a year in filing her motions to reopen, due to circumstances beyond her control.").

Should PBGC elect to file a second Motion to Reopen curing the deficiency identified herein and complying with the requirements of Rule 60(b), PBGC shall do so within 7 days of the date of this Order. Failure to meet the 7-day deadline to file a second Motion to Reopen or failure

3

Case No. 10-CV-03823-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION TO REOPEN AND FOR CERTIFICATION OF AN ABSTRACT OF JUDGMENT

to cure the deficiencies identified in this Order will result in a dismissal with prejudice of PBGC's motion.

**IT IS SO ORDERED.**

Dated: January 25, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge